IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELVIN PHILLIPS II, : | |
| : | |
| Plaintiff, : | Case No. _____ |
| : | |
| v. : | |
| : | |
| GENERAL MILLS OPERATIONS, LLC, : | |
| : | |
| Defendant. : | |

## **COMPLAINT**

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKL. Pursuant to the parties' consent Omnibus Management Consent Order in that case (Doc. 36), Plaintiff hereby files his known ripe claims.

## **JURISDICTION AND VENUE**

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## **PARTIES**

4.

Plaintiff is a Black male and former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia.

5.

Plaintiff is a resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

7.

Plaintiff began work at General Mills' Covington facility around 2019.

8.

Plaintiff's direct supervisor, Technician Team Leader ("TTL") Ted Baker, bullied, harassed, and micromanaged Plaintiff and other Black employees.

9.

Baker was Plaintiff's supervisor the entire time he worked for Defendant.

10.

Most technicians working under Baker are Black.

11.

Technicians witnessed Baker bully, harass, and micromanage Black technicians on a regular basis.

12.

Baker has been repeatedly reported to HR by Plaintiff and other Black employees for racist behavior and treating Black employees worse than white employees.

13.

In response to his complaint about Baker, HR told Plaintiff that he needed to "man up."

14.

Baker repeatedly gave unclear instructions or no instructions at all but then accused Plaintiff of being insubordinate and not listening to him.

15.

Several months prior to Plaintiff's termination, his entire team of technicians went to HR to complain about Baker's harassment, mistreatment, and discriminatory behavior against Black employees.

16.

Baker allows white employees to take breaks far in excess of the amount permitted by the employee handbook.

17.

Baker allows white employees to stay in the breakroom, leave the floor, and sleep in their cars.

18.

Baker selectively enforces the actual written break policy against Black employees when he wants to and without warning.

19.

Baker enforced General Mills' unwritten discriminatory pattern, practice, and policy of giving more break time to white employees and requiring Black employees to perform more work duties.

20.

White employees were paid the same amount of compensation as Black employees but were required to work less than Black employees for the same pay.

21.

Paying white and Black employees the same compensation for the same role, but requiring more work from Black employees, is a systemic problem within General Mills and occurs in more than one facility.

Case 1:25-cv-00864-MLB-JKL   Document 1   Filed 02/18/25   Page 6 of 19

22.

Plaintiff complained to HR that Baker created a hostile and toxic work environment and treated Black employees worse than white employee. Nothing was done to punish or correct Baker.

23.

Another common phenomenon is where white employees will leave the floor when there is work to do or a challenging expedient project arises. White employees at multiple General Mills' facilities are permitted to take breaks in excess of what is permitted by the employee handbook, even when there is work to do, so Black employees are frequently left on the floor by themselves in violation of minimum technician policies.

24.

Yet another common phenomenon in General Mills' facility is that white employees refuse to train Black employees to the same degree as white employees. When white Level 5 technicians (who are supposed to be training lower level technicians) refuse to train Black employees, Defendant continues to hold the Black employees accountable for learning how to operate the machinery. Defendant has also recently stopped allowing technicians to get training by using

6

overtime. As a result, Black employees are often required to get training from Level 2 technicians, who are not themselves always fully or accurately trained.

25.

A dangerous condition is created where more skilled white technicians are absent from the floor taking long breaks while Black employees who have not been sufficiently trained are left on the floor to operate machinery on their own in violation of General Mills' safety and other policies.

26.

On or about September 24, 2024, Plaintiff was terminated for taking an excessive break.

27.

A supervisor told Plaintiff that he should have "over-communicated" because "you know who you're dealing with."

28.

Similarly situated white employees routinely took longer breaks than Plaintiff, including but not limited to sleeping in their vehicles, and were not reprimanded or terminated.

29.

Plaintiff's termination violated General Mills' internal progressive discipline policy.

## COUNT ONE

Title VII: Disparate Treatment/Discrimination

30.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

31.

Plaintiff is a member of a class protected by Title VII.

32.

Defendant is a covered employer under Title VII.

33.

Plaintiff suffered adverse employment actions, including termination, despite being qualified for his position.

34.

Plaintiff was treated less favorably than similarly situated employees outside of his protected class, including white employees who received

8

appropriate training and support and who were permitted to take longer breaks and therefore complete fewer job duties.

35.

Plaintiff's race was a motivating factor for the adverse employment actions taken against him.

36.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

37.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

**COUNT TWO**

Title VII:  Retaliation

38.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

39.

Plaintiff is a member of a class protected by Title VII.

40.

Defendant is a covered employer under Title VII.

41.

Plaintiff engaged in a protected activity when he complained about Baker treating Black employees differently to HR and was told to "man up."

42.

In retaliation for Plaintiff's complaint, Defendant took materially adverse actions against him, including disciplining him, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, failing to promote him, holding him to a higher standard of conduct than white employees, and taking disparate adverse actions against him, including termination.

43.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against them.

44.

Plaintiff asserts a retaliation claim pursuant to Title VII.

45.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT THREE

Title VII: Hostile Work Environment

46.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

47.

Plaintiff was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Ted Baker.

48.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

49.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

50.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

51.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## **COUNT FOUR**

42 U.S.C. § 1981:  Race Discrimination

52.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

53.

Pursuant to the Civil Rights Act of 1866 –

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  This provision applies to nongovernmental discrimination.  *Id.* at § 1981(c).

54.

General Mills has knowingly allowed white supervisors and decision makers who are members of a fraternal white supremacist organization, "the Good Ole Boys," to operate the Covington facility in a manner that systematically deprives Black employees the equal benefits of employment enjoyed by white employees on the basis of race and the color of their skin.

55.

Defendant has actual knowledge that Ted Baker is a member of the Good Ole Boys.

56.

The Good Ole Boys' actions and omissions that amount to the systematic deprivation of the full rights of employment to Black employees have created a racially hostile work environment that have altered the terms, conditions, or privileges of employment because of race.

57.

The Good Ole Boys include, among others, Ted Baker, Greg Cantrell, Megan Asturias, and Chris Morrison, all of whom had a role in allowing Baker to continue to harass, retaliate, and discriminate against Plaintiff and other Black employees.

58.

Due to the discriminatory practices of Defendant, Black employees' attempts to advance in the company are futile if they in any way oppose racially discriminatory acts or omissions by management or HR at the Covington facility.

59.

Plaintiff asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

60.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

61.

Plaintiff is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses he suffered.

## COUNT FIVE

### 42 U.S.C. § 1981:  Retaliation

62.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

63.

Plaintiff engaged in a protected activity when he complained about Baker's racial discrimination and harassment against him to HR.

64.

In retaliation for Plaintiff's complaints, Defendant took materially adverse actions against him, including requiring more work of Plaintiff than required of white employees for the same amount of pay and allowing Baker to maintain a racially hostile work environment.

65.

Plaintiff asserts a retaliation claim pursuant to 42 U.S.C. § 1981.

## COUNT SIX

### 42 U.S.C. § 1981: Hostile Work Environment

66.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

67.

Plaintiff was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Ted Baker.

68.

Baker's discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

69.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discriminations and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

70.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

71.

Plaintiff asserts a hostile work environment claim pursuant to 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII and § 1981 rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c) Full back pay from the date Plaintiff was no longer permitted to work taking into account all raises to which she would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement or front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e) Full amount of financial losses caused to Plaintiff as a result of the racist and otherwise unlawful employment practices at the Covington facility;

(f) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(g) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(h) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(i) Judgment against Defendant for damages incurred by Plaintiff;

(j) Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(k) An award of pre-judgment and post-judgment interest;

(l) A trial by jury on all issues triable to a jury; and

(m) Other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of February 2025.

> By: /s/ Douglas H. Dean
> Georgia Bar No. 130988
> Attorney for Plaintiff
> Dean Thaxton, LLC
> 601 E. 14th Avenue (31015)
> Post Office Box 5005
> Cordele, Georgia 31010
> T: (229) 271-9323
> F: (229) 271-9324
> E: *doug@deanthaxton.law*

> By: /s/ Linda G. Carpenter
> Georgia Bar No. 111285
> Attorney for Plaintiff
> The Brosnahan Law Firm
> 31 Lenox Pointe, NE
> Atlanta, GA 30324
> T: (404) 853-8964
> F: (678) 904-6391
> E: *lgc@brosnahan-law.com*
> E: *sharon@brosnahan-law.com*